UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT M.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-1123-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in August 1987, has a high school education, and has worked as a researcher. AR 203, 263. Plaintiff was last gainfully employed in 2012. AR 232.

On September 15, 2022, Plaintiff applied for benefits, alleging disability as of October 1, 2016. AR 203. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

requested a hearing.  AR 17.  After the ALJ conducted a hearing on May 30, 2024, the ALJ issued a decision finding Plaintiff not disabled.  AR 17, 36.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 1, 2016, through his date last insured of March 31, 2019.

**Step two**:  Plaintiff has the following severe impairments:  fibromyalgia, degenerative disc disease, obstructive sleep apnea, autism spectrum disorder, depression, anxiety, and bipolar disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff could perform medium work except he could have occasionally climbed ramps, stairs, ladders, ropes and scaffolds; occasionally balanced, stooped, kneeled, crouched and crawled; frequently reached in all directions including overhead with both upper extremities; frequently handled, fingered and felt with both upper extremities; and could have tolerated occasional exposure to, and could have occasionally worked around, vibration, and hazards such as moving machinery or unprotected heights.  He could have performed work that involved simple routine tasks requiring no more than short simple instructions and simple work-related decision making with few workplace changes.

**Step four**:  Plaintiff does not have past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-34.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 6.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating his cerebrospinal fluid ("CSF") leak, his symptom testimony, and the lay witness evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.      The ALJ Did Not Err at Step Two

At step two, Plaintiff has the burden to show that (1) he has a medically determinable impairment, and (2) the impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  The step two inquiry is a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment is "not severe" if the evidence establishes the impairment is a slight abnormality that has no more than a minimal effect on an individual's ability to work.  *Id.*  The Ninth Circuit has consistently held that an ALJ's error in finding a claimant's impairment is not severe at step two is harmless if the ALJ considers the resulting limitations later in the process.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005).

The Commissioner argues the ALJ properly considered only Plaintiff's impairments which arose before or during the relevant period, which did not include CSF leaks.  Dkt. 18 at 2-3.  Plaintiff does not address this timing issue.  Dkt. 11 at 2-5; Dkt. 19 at 2-3.

Indeed, all the objectively documented CSF leaks the Plaintiff cites occurred after the date last insured.  Dkt. 19 at 2 (citing AR 367 (February 2022 doctor's note), 412 (October 2020 doctor's note), 437 (June 2020 doctor's note), 445 (September 2019 doctor's note), 588 (August 2021 urgent care note), 653 (September 2022 doctor's note).  To the extent that Plaintiff experienced symptoms associated with CSF leaks prior to the date last insured, the ALJ appropriately addressed these symptoms at the subsequent steps of the evaluation.  *See, e.g.,* AR 32 ("The claimant did not report new headache symptoms until almost a half year after his date last insured on September 2019 and the claimant reported he had never had headaches like them before").  Accordingly, the ALJ did not err at step two.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

## B.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Plaintiff argues the ALJ did not properly assess his symptom testimony by providing a summary of medical evidence rather than explaining which evidence she found contradicted which portions of his testimony, and that his activities did not actually contradict his testimony. Dkt. 11 at 7-13.  Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  That said, the ALJ need not believe every allegation, nor analyze testimony line by line.  *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  The question is not whether this Court is convinced, "but instead whether the ALJ's rational is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

While the ALJ did provide a summary of the medical evidence from during the relevant period, AR 24-33, she completed this section with a four-paragraph explanation of how the summary contradicted Plaintiff's testimony.  AR 32-33.  The ALJ specifically found that the overall severity of Plaintiff's complaints was contradicted by his conservative treatment and improvement with treatment, which was a legitimate basis to discount Plaintiff's testimony.  *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits.").  Plaintiff avers that this was an error as it relates to his fatigue because it stems from fibromyalgia, and more aggressive treatment does not exist for that condition.  Dkt. 11 at 9.  But the ALJ accounted for

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

Plaintiff's pain, weakness, and fibromyalgia symptoms in the RFC with additional exertional limitations.  AR 33.  To further account for his fatigue the ALJ limited Plaintiff's exposure to certain environmental conditions.  *Id.*  Plaintiff fails to show how this is an unreasonable interpretation of the limitations he faced due to his fatigue.

Plaintiff further argues the ALJ did not properly account for the limited improvement he received from pain medication as he was still impaired in his ability to sustain physical activity on a repetitive basis.  Dkt. 11 at 10.  Plaintiff does not explain how the RFC fails to account for this limitation.  And, as the ALJ explained, the contemporaneous records contradict this testimony.  AR 32-33 (citing AR 468 ("He will very rarely take Vicodin . . . it is quite effective when he does.  He finds benefit from methocarbamol and has found Lyrica . . . helpful"), 481 ("Pain is minimal.  Methocarbamol had been helpful."), 486 ("[Entacapone] helps his pain as does pramipexole"), 566 ("He is using a new pain medication and it seems to be helpful: ketamine.  He is more active overall and tolerating more walking and other daily activities."), 730 ("Functioning wise he is doing quite well and is finishing school"), 763 ("Functioning wise he is doing quite well and is finishing school.  He is volunteering in a research lab work 15-20 hours a week."), 852 ("is working with the sleep doctors, thinks that [sleep apnea] is under pretty good control currently."), 865 ("Pain is minimal.  Methocarbamol had been helpful."), 1979 ("His myalgia and depression are better without side effect.")).

Further, as the ALJ found, Plaintiff's activities during the relevant period contradict his argument.  During the relevant period Plaintiff was completing his master's degree.  AR 490.  This included 10-20 hours a week volunteering at a lab and on a carbon capture start-up.  AR 554, 852.  Though "a little more" fatigued than usual, he was able to manage his normal work.  AR 939.  Doctors' notes agreed, contemporaneously noting that "[h]e is continuing to function,

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

working, and having normal relationships, in fact, is traveling to Denmark with his fiancee next week" despite being uncomfortable.  AR 466.  Though his concentration issues interfered with completing his master's thesis during the relevant period, AR 1977, he completed his master's degree in material science engineering, AR 1429, 1841.  His weekly schedule was too busy to consistently complete his home exercise program, which he found "very helpful" when he did it.  AR 566.

Plaintiff argues these activities do not clearly contradict his testimony that his fatigue left him unable to perform activities on a repetitive basis.  Dkt. 11 at 10-13.  But it was reasonable of the ALJ to determine that the above activities, showing an ability to consistently volunteer, complete a master's, and travel, contradicted his testimony.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Accordingly, the ALJ did not err in his evaluation of Plaintiff's symptom testimony.

## C.    The ALJ Did Not Err in Evaluating the Lay Witness Evidence

The Ninth Circuit has not yet resolved whether an ALJ must provide germane reasons for rejecting lay testimony under the regulations applicable to this case.  *See, e.g., Hudnall v. Dudek*, No. 23-3727, 2025 WL 1379101, *2, 3-6 (9th Cir. May 13, 2025) (finding no need to decide issue because any error in failure to provide germane reason for rejecting lay testimony was harmless; containing concurring opinions taking opposing positions as to the new regulations and the germane reason standard); *Crummett v. King*, No. 23-3668, 2025 WL 470890, at *2 (9th Cir. Feb. 12, 2025).  Without that clarification, this Court continues to find no basis for the Commissioner's assertion that an ALJ need not articulate why the ALJ rejected relevant lay witness evidence.  *See, e.g., Mark C. J. v. Comm'r of Soc. Sec.*, C24-5252-DWC, 2024 WL 4182576, at *4 (W.D. Wash. Sept. 13, 2024); *accord Connelly v. Colvin*, No. 23-35527, 2024

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

WL 5040994, at *2 (9th Cir. Dec. 9, 2024); *see also Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (an ALJ may not reject "significant probative evidence" without explanation).

As the Commissioner argues, Plaintiff's fiancée's statement was substantially the same as Plaintiff's testimony. *Compare* AR 272-79 *with* AR 280-87. And Plaintiff does not disagree that the statements are the same. *See* Dkt. 19 at 6-7. Accordingly, the ALJ's reasons for rejecting Plaintiff's testimony apply with equal force to the lay witness evidence. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8